UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JIMMY AVIRAM, *et al.*,

    Plaintiffs,

v.

THE BANK OF NEW YORK, INC.,

    Defendant.

_____/

**NOTICE AND PETITION FOR REMOVAL**

    Defendant, The Bank of New York Mellon, f/k/a The Bank of New York ("BNYM" or "Defendant"), incorrectly named in the complaint as The Bank of New York, Inc., by and through its attorneys, hereby gives notice of removal of this action from the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida (the "Sixth Judicial Circuit"), to the United States District Court for the Middle District of Florida.

    Removal is based upon 28 U.S.C. § 1332(a)(1), and the procedural requirements for removal have been satisfied.

    As grounds for removal, BNYM states the following:

    1.    On May 28, 2021, Plaintiffs filed their complaint in the Circuit Court of the Sixth Judicial Circuit against The Bank of New York, Inc. (the "Complaint") under Case No. 21-002653-CI (the "State Court Action").

2. Pursuant to Florida Statute 607.0401, Florida law requires that businesses registering in Florida for qualification to do business include in their registered name a corporate suffix, such as "Inc." or "Co." Accordingly, The Bank of New York was registered in Florida as The Bank of New York, Inc.

3. The Bank of New York existed in name until July 1, 2008, when it merged with various other entities. On July 1, 2008, BNYM was created pursuant to a merger of The Bank of New York with various other unrelated entities. After the merger, the merged entity operated under the name The Bank of New York Mellon.

4. In the Complaint, Plaintiffs allege to be trustees of various land trusts who recently filed lawsuits in numerous and various Florida state courts against BNYM as trustee of various trusts. (*See* Compl. ¶¶ 4–7). Plaintiffs further allege that BNYM conspired with CT Corporation System to fraudulently misrepresent that CT Corporation System was not its registered agent to somehow avoid service and defraud Plaintiffs. (*See, e.g.*, *id*. ¶¶ 9–55). Based on these allegations, among others, Plaintiffs assert that they have been damaged and are entitled to recover "(i) expenses associated with obtaining service of process on BONYM in [each of] the BONYM Lawsuits; (ii) attorney's fees litigating the sufficiency of service in the BONYM Lawsuits; [and] (iii) the amounts Plaintiffs would have collected in the BONYM Lawsuits . . . ." (*Id*. ¶¶ 35, 49, 55).

## Removal Under 28 U.S.C. § 1332(a)(1)

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the Plaintiffs and

BNYM and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000.").

6. A party's residence is prima facie proof of its domicile. *See Hardenbrook v. Irwin,* No. 8:09-CV-2542-T-27TBM, 2010 WL 11629185, at *1 (M.D. Fla. May 26, 2010) ("Although residence is not equivalent to domicile, a party's place of residence is prima facie evidence of his domicile."); *see also King v. Cessna Aircraft Co.,* 505 F. 3d 1160, 1171–72 (11th Cir. 2007) (finding a presumption that a person's state of residence is also his state of domicile).

7. Courts look to the citizenship of the trustee to determine the citizenship for a traditional trust. *See Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 383 (2016) ("And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes."); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) ("[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others.").

8. When a party is a limited liability company, the Court looks to its members to determine citizenship. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

9. "[A]t this early stage in the proceedings, the parties are not required to plead jurisdiction affirmatively based on actual knowledge." *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1087–88 (9th Cir. 2014). In *Carolina Casualty Insurance Company,* the court "h[e]ld that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." *Id.* at 1088; *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) ("Thus, rather than affirmatively alleging the citizenship of a defendant, a plaintiff may allege that the defendant is not a citizen of the plaintiff's state of citizenship."); *RT-destin Assocs. LLC v. Nexpoint Real Est. Advisors LP*, No. 3:20CV5616-MCR/EMT, 2020 WL 6505014, at *2 (N.D. Fla. Nov. 5, 2020) ("In the absence of authority in the Eleventh Circuit, the Court finds *Lincoln Benefit* persuasive and agrees with RT-Destin that the negative allegation is sufficient to survive a facial challenge in this context.").

### Defendant BNYM is a Citizen of the State of New York

10. BNYM is a New York state chartered bank and its principal place of business is in New York.

### Plaintiff Jimmy Aviram is a Citizen of the State of Washington

11. Complete diversity of citizenship exists between Plaintiff Jimmy Aviram ("Aviram") and BNYM because they are citizens of different states. For purposes of

diversity jurisdiction, Aviram is a citizen of the State of Washington. Aviram has a Washington State Driver's License.

12. Aviram is not a citizen of New York.

**Plaintiff Centurion Systems, LLC is a Citizen of the State of Florida**

13. Complete diversity of citizenship exists between Plaintiff Centurion Systems, LLC ("Centurion") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Centurion is a citizen of the State of Florida.

14. Centurion is a New Mexico limited liability company whose status has been permanently revoked as of October 31, 2018.

15. Mrs. Adrienne Federico is the sole member of Centurion and is domiciled in Florida. Mrs. Federico owns property at 7351 Sawgrass Point, Pinellas Park, Florida since 2018. She identifies this property as her homestead and has applied for homestead property tax exemption with the county property appraiser. Mrs. Federico also has a Florida Driver's License with her home address registered at the Sawgrass Point address. Mrs. Federico has no property or presence in New York, nor any state other than Florida.

16. Centurion is not a citizen of New York.

**Plaintiff Judith Cook is a Citizen of the State of Florida**

17. Complete diversity of citizenship exists between Plaintiff Judith Cook ("Mrs. Cook") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Mrs. Cook is domiciled in Brevard County, Florida and is a citizen of the State of Florida.

18. Mrs. Cook is not a citizen of New York.

**Plaintiff Wallace Cook is a Citizen of the State of Florida**

19. Complete diversity of citizenship exists between Plaintiff Wallace Cook ("Mr. Cook") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Mr. Cook is domiciled in Brevard County, Florida and is a citizen of the State of Florida.

20. Mr. Cook is not a citizen of New York.

**Plaintiff BCP Management, LLC is a Citizen of the State of Florida**

21. Complete diversity of citizenship exists between Plaintiff BCP Management, LLC ("BCP Management") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, BCP Management is a citizen of the State of Florida.

22. Viti Leve, LLC, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of BCP Management, LLC.

23. BCP Management, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of Viti Leve, LLC.

24. BCP Management is not a citizen of New York.

**Plaintiff Mark Eaton is a Citizen of the State of Florida**

25. Complete diversity of citizenship exists between Plaintiff Mark Eaton ("Mr. Eaton") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Mr. Eaton is a citizen of the State of Florida.

26. Mr. Eaton has resided in Florida since 1999 and has maintained or been associated with at least eleven Florida addresses through the date of filing this notice. Mr. Eaton currently holds a valid Florida driver's license with an original issue date of May 21, 1999, which was renewed March 23, 2020. Mark Eaton has also been a registered voter in Florida since 1999.

27. Mr. Eaton is not a citizen of New York.

**Plaintiff Suzanne Eaton is a Citizen of the State of Florida**

28. Complete diversity of citizenship exists between Plaintiff Suzanne Eaton ("Mrs. Eaton") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Mrs. Eaton is a citizen of the State of Florida.

29. Mrs. Eaton has resided in Florida since 1998 and has maintained or been associated with at least thirteen Florida addresses through the date of filing this notice. Suzanne Eaton currently holds a valid Florida driver's license with an original issue date of January 13, 1998, which was renewed October 30, 2018. Suzanne Eaton has also been a registered voter in Florida since 1998.

30. Mrs. Eaton is not a citizen of New York.

**Plaintiff Albert Wilson is a Citizen of the State of Florida**

31. Complete diversity of citizenship exists between Plaintiff Albert Wilson ("Wilson") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Wilson is a citizen of the State of Florida.

32. Wilson owns, and resides in, the property located at 309 Nora Avenue in Merrit Island, Florida.

33. Wilson is not a citizen of New York.

**Plaintiff Gossamer Wing, LLC is a Citizen of the State of Florida**

34. Complete diversity of citizenship exists between Plaintiff Gossamer Wing, LLC ("Gossamer Wing") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Gossamer Wing is a citizen of the State of Florida.

35. Gossamer Wing is a Florida limited liability company with its principal place of business in Clearwater, Florida. Mark Stopa is the managing member of Gossamer Wing. Mr. Stopa is domiciled in Florida. Mr. Stopa has a Florida Driver's License with his home address registered at the Sawgrass Point address. Mr. Stopa has no property or presence in New York, nor any state other than Florida.

36. All other members of Gossamer Wing are individuals who have purchased foreclosure-distressed properties in Pinellas County, Florida, are domiciled in Pinellas County, Florida, and are citizens of the State of Florida.

37. Gossamer Wing is not a citizen of New York.

**Plaintiff Inland Assets, LLC is a Citizen of the State of Florida**

38. Complete diversity of citizenship exists between Plaintiff Inland Assets, LLC ("Inland Assets") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Inland Assets is a citizen of the State of Florida.

39. Inland Assets is a New Mexico limited liability company with its principal place of business in Santa Fe, New Mexico.

40. Casco Antigua, LLC, a Florida limited liability company with its principal place of business in St. Petersburg, Florida, is the sole member of Inland Assets.

41. Fubar Assets, LLC, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of Casco Antigua, LLC.

42. Fugh, LLC, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of Fubar Assets, LLC.

43. Fubar Assets, LLC, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of Fugh, LLC.

44. Inland Assets is not a citizen of New York.

### Plaintiff Jacaranda, LLC is a Citizen of the State of New Mexico

45. Complete diversity of citizenship exists between Plaintiff Jacaranda, LLC ("Jacaranda") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Jacaranda is a citizen of the State of New Mexico.

46. Jacaranda is a New Mexico limited liability company whose status has been permanently revoked as of October 31, 2018.

47. Jacaranda's sole member is R. Enrique Sanchez, who is domiciled in, and a citizen of, New Mexico.

48. Jacaranda is not a citizen of New York.

### Plaintiff Kenneth Kaye is a Citizen of the State of Florida

49. Complete diversity of citizenship exists between Plaintiff Kenneth Kaye ("Mr. Kaye") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Mr. Kaye is a citizen of the State of Florida.

50. Mr. Kaye is an owner and resident of the property located at 8536 42nd Ave. N., St. Petersburg, FL 33709.

51. Mr. Kaye is not a citizen of New York.

### Plaintiff Kristine Kaye is a Citizen of the State of Florida

52. Complete diversity of citizenship exists between Plaintiff Kristine Kaye ("Mrs. Kaye") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Ms. Kaye is a citizen of the State of Florida.

53. Mrs. Kaye is an owner and resident of the property located at 8536 42nd Ave. N., St. Petersburg, FL 33709.

54. Mrs. Kaye is not a citizen of New York.

### Plaintiff Ava Lofgren is a Citizen of the State of Florida

55. Complete diversity of citizenship exists between Plaintiff Ava Lofgren f/k/a Nicholas Lofgren ("Lofgren") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Lofgren is a citizen of the State of Florida.

56. Lofgren is an owner and resident of the property located at 18-20 Evergreen Avenue North in Clearwater, Florida.

57. Lofgren is not a citizen of New York.

### Plaintiff MDTR, LLC is a Citizen of the State of Florida

58. Complete diversity of citizenship exists between Plaintiff MDTR, LLC ("MDTR") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, MDTR is a citizen of the State of Florida.

59. MDTR is a Florida limited liability company with its principal place of business in Orlando, Florida.

60. Blackrock Asset Management, LLC, a Florida limited liability company with its principal place of business in St. Petersburg, Florida, is the sole member of MDTR.

61. BCP Management, LLC, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of Blackrock Asset Management, LLC.

62. Viti Leve, LLC, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of BCP Management, LLC.

63. BCP Management, a Florida limited liability company with principal place of business in St. Petersburg, Florida, is the sole member and manager of Viti Leve, LLC.

64. MDTR is not a citizen of New York.

**Plaintiff Abpaymar, LLC is a Citizen of the State of Florida**

65. Complete diversity of citizenship exists between Plaintiff Abpaymar, LLC ("Abpaymar") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Abpaymar is a citizen of the State of Florida.

66. Abpaymar was formed by former Florida attorney Mark P. Stopa to acquire real property for he and his wife, Adrienne L. Federico. Mark P. Stopa and Adrienne L. Federico are Abpaymar's only members.

67. Both Mr. Stopa and Ms. Federico are citizens of Florida.

68. Mrs. Federico is Abpaymar's current managing member and is domiciled in Florida. Mrs. Federico owns property at 7351 Sawgrass Point, Pinellas Park, Florida since 2018. She identifies this property as her homestead and has applied for homestead property tax exemption with the county property appraiser. Mrs. Federico also has a Florida Driver's License with her home address registered at the Sawgrass Point address. Mrs. Federico has no property or presence in New York, nor any state other than Florida.

69. Mr. Stopa is domiciled in Florida. Mr. Stopa has a Florida Driver's License with his home address registered at the Sawgrass Point address. Mr. Stopa has no property or presence in New York, nor any state other than Florida.

70. Abpaymar is not a citizen of New York.

**Plaintiff Bonafide Properties, LLC is a Citizen of the State of Florida**

71. Complete diversity of citizenship exists between Plaintiff Bonafide Properties, LLC ("Bonafide Properties") and BNYM because they are citizens of different states. For purposes of diversity jurisdiction, Bonafide Properties is a citizen of the State of Florida.

72. Bonafide Properties is a Florida limited liability company. Bruce Emerson is Bonafide Properties' sole and managing member, he is domiciled in Pinellas County, Florida, and is a resident of the State of Florida. Mr. Emerson's address is 855 Bayway Blvd. #408 Clearwater, FL 33767.

73. Bonafide Properties is not a citizen of New York.

**The Parties are Diverse**

74. Because BNYM is a citizen of New York and none of the Plaintiffs are New York citizens, complete diversity exists, and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1) & 1441(b).[1]

---

[1] To the extent that the Court determines that additional facts supporting citizenship need to be developed, or if any of the Plaintiffs contest citizenship, BNYM should be allowed to develop a record of such facts through jurisdictional discovery. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits.").

### The Amount in Controversy Exceeds $75,000

75. The aggregate amount in controversy exceeds the jurisdictional minimum of $75,000.00, because, by their own allegations, Plaintiffs seek to recover damages that "include, but are not limited to: (i) expenses associated with obtaining service of process on BONYM in the BONYM Lawsuits; (ii) attorney's fees litigating the sufficiency of service in the BONYM Lawsuits; [and] (iii) **the amounts Plaintiffs would have collected in the BONYM Lawsuits** . . . ." (Compl. ¶¶ 35, 49, 55) (emphasis added). BNYM denies that Plaintiffs are entitled to recover any amount.

76. "When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

77. When, as here, a plaintiff omits to plead a particular amount in controversy, a defendant need only show by a preponderance of the evidence that the amount plaintiff seeks to recover exceeds $75,000. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007).

78. "Where, as in this case, the complaint alleges an unspecified amount of damages, the district court is not bound by the plaintiff's representations regarding its claim, and may review the record for evidence relevant to the amount in controversy." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). "In the Eleventh Circuit, a district court may consider the complaint and any later received

paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *1 (S.D. Fla. June 1, 2009) (citing *Lowery*, 483 F.3d at 1213–1214). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

79. The Complaint defines and alleges that the BONYM Lawsuits are twenty lawsuits and the BONY lawsuits are three lawsuits filed across the State of Florida by the various Plaintiffs. (Compl. ¶¶ 4–7).

80. Throughout the papers filed in each of the BONYM Lawsuits, Plaintiffs acknowledge and/or allege that the amount in controversy for each Plaintiff exceeds $75,000.00. By seeking the amounts that they would have allegedly been able to collect in the underlying lawsuits here, all of which exceed $75,000, Plaintiffs have alleged in the Compliant that the amount in controversy exceeds $75,000. (*See* Compl. ¶¶ 35, 49, 55).

81. In *Centurion Systems, LLC v. The Bank of New York Mellon*, Case No. 20-CA-1587, filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, (Compl. ¶ 4), Centurion sought and obtained a Final Judgment after Default in for the total sum of $858,976.50. The judgment was entered on December 3, 2020 in BNYM's absence. *See* Composite Exhibit A.

82. While this Final Judgment after Default was later vacated by this Court, *see* Composite Exhibit A, it clearly supports the fact that Centurion seeks an award in excess of $858,976.50 as an amount it would have allegedly collected for just one of the BONYM lawsuits. (Compl. ¶¶ 4, 35, 49, 55).

83. In *Wallace Cook, et al. v. The Bank of New York*, Case No. 50-2020-CA-010964-XXXX-MB, filed in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, (Compl. ¶ 6), and now pending in the United States District Court for the Southern District of Florida following its removal, Case No. 9:21-cv-80582-RAR, plaintiffs Mr. and Mrs. Cook filed a motion for final summary judgment after default seeking $3,257,277. *See* Exhibit B.

84. Similarly, in *Bonafide Properties, LLC v. The Bank of New York Mellon*, Case No. 2020-CA-1738, filed in the Circuit Court of the Fourteenth Judicial Circuit in and for Bay County, and now pending in the United States District Court for the Middle District of Florida, Case No. 8:21-cv-00752-KKM-CPT, plaintiff Bonafide Properties filed a motion for final summary judgment after default seeking $606,094.50. *See* Exhibit C.

85. Therefore, this matter meets the amount in controversy threshold under 28 U.S.C. § 1332. *See Allapattah Servs., Inc.*, 545 U.S. at 559.

**Venue**

86. The United States District Court for the Middle District of Florida embraces the county in which the State Court Action is now pending, Pinellas County,

FL. Thus, this Court is the proper District Court to which this case should be removed. *See* 28 U.S.C. §§ 1441(1), 1446(a).

## Timeliness of Notice of Removal

87. Pursuant to 28 U.S.C. § 1446, "[a] notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

88. Here, BNYM received a copy of the initial pleading on June 3, 2021.

89. This notice of removal of action is being filed with the United States District Court for the Middle District of Florida within thirty days of BNYM's receipt of the Complaint, through means other than properly effectuated service, and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

## State Court Pleadings

90. Attached hereto as Exhibit D is the Complaint that was filed in the State Court Action. Attached hereto as Composite Exhibit E are other papers filed in the State Court Action. Exhibits B and C constitute all process, pleadings and orders in the State Court Action of which BNYM is aware. *See* 28 U.S.C. § 1446(b).

**Notice**

91. BNYM will provide written notice of the filing of this notice of removal of action to Plaintiff and will file a copy of this notice of removal with the Clerk of the Sixth Judicial Circuit, as required by 28 U.S.C. § 1446(d).

**No Bond or Verification Required**

92. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988 (the "Act"), no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified. *See* 102 Stat. 4642, § 1016 (1988).

93. Based upon the foregoing, this Court has jurisdiction over this matter, and the claims are properly removed to this Court. In filing this notice of removal, BNYM does not waive, and specifically reserves, all defenses, objections, denials, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by BNYM of any of the allegations of, or damages sought in, Plaintiffs' pleadings.

Wherefore, BNYM removes this action from the Sixth Judicial Circuit Court to the United States District Court for the Middle District of Florida.

Dated: July 2, 2021                                   Respectfully submitted,

                                                       *s/ Robert M. Brochin*
                                                       Robert M. Brochin
                                                       Florida Bar No. 319661
                                                       bobby.brochin@morganlewis.com
                                                       Matthew M. Papkin
                                                       Florida Bar No. 106565
                                                       matthew.papkin@morganlewis.com
                                                       Javier A. Roldán Cora
                                                       Florida Bar No. 1010311
                                                       javier.roldancora@morganlewis.com
                                                       Morgan, Lewis & Bockius LLP
                                                       600 Brickell Avenue, Suite 1600
                                                       Miami, Florida 33131-3075
                                                       Telephone:  305.415.3456

                                                       *Counsel for Defendant*
                                                       *The Bank of New York Mellon*

## CERTIFICATE OF SERVICE

I hereby certify that on this July 2, 2021, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system.  I also certify that the foregoing Notice of Removal was served via e-mail on:

    Lee Segal, Esquire
    lee@segalschuh.com
    Segal & Schuh Law Group, P.L.
    18167 U.S. Highway19 North, Suite 100
    Clearwater, Florida 33764
    Tel: (727) 824-5775

                                                       /s/Robert M. Brochin
                                                       Robert M. Brochin