# Exhibit A

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

CENTURION SYSTEMS, LLC, a New Mexico Limited
Liability Company, as Successor Trustee under the 6280
30th Avenue North Land Trust,

    Plaintiff,

Case No. 20-CA-1587

v.

THE BANK OF NEW YORK MELLON fka THE BANK
OF NEW YORK, as Successor Trustee to JPMorgan Chase
Bank, National Association, not individually but solely as
trustee for Bear Stearns Alt-A Trust 2005-8, Mortgage
Pass-Through Certificates Series 2005-8,

    Defendant.

_____/

## **FINAL JUDGMENT AFTER DEFAULT**

THIS CAUSE, having come before this Court on December 3, 2020 on Plaintiff's Motion for Final Summary Judgment After Default and a Final Hearing on the issue of damages, and the Court, having reviewed the motion and the court file, considered the evidence presented, and being otherwise duly advised in the premises, it is hereby;

ORDERED AND ADJUDGED as follows:

1. Defendant failed to respond to the Complaint after personal service, resulting in a clerk's default. Despite notice of the December 3, 2020 hearing, Defendant did not attend, much less counter the evidence submitted by Plaintiff.

2. Plaintiff, CENTURION SYSTEMS, LLC, a New Mexico Limited Liability Company, as Successor Trustee under the 6280 30th Avenue North Land Trust, shall recover from Defendant, THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, as Successor Trustee to JPMorgan Chase Bank, National Association, not individually but solely as

1

Electronically Filed Marion Case # 20CA001587AX 12/03/2020 09:29:29 AM

DAVID R ELLSPERMANN CLERK & COMPTROLLER MARION CO
CFN# 2020132004 BK 7330 Pgs 1111-1112 12/07/2020 04:38:14 PM
REC FEE  INDEX

trustee for Bear Stearns Alt-A Trust 2005-8, Mortgage Pass-Through Certificates Series 2005-8, whose address is 240 Greenwich St., New York, NY 10286, the total sum of Eight Hundred Fifty Eight Thousand Nine Hundred Seventy Six Dollars and Fifty Cents ($858,976.50), which shall bear interest at the legal rate, for which sum let execution shall issue forthwith.

3. Defendant shall complete under oath Florida Rule of Civil Procedure Form 1.977, and all its required attachments, and serve it on Plaintiff's counsel, Lee Segal, Esq., within 45 days.

DONE AND ORDERED in Chambers in Marion County, Florida on this 3 day of December, 2020.

_____
Hon. Robert W. Hodges
Circuit Court Judge

cc: Lee Segal, Esq.
The Bank of New York Mellon fka
The Bank of New York, as Successor
Trustee to JPMorgan Chase Bank, National Association, not individually, but solely as Trustee for Bear Stearns Alt-A Trust 2005-8, Mortgage Pass-Through Certificates Series 2005-8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTURION SYSTEMS, LLC,

    Plaintiff,

v.                                                       CASE NO. 8:21-cv-726-SDM-AAS

THE BANK OF NEW YORK MELLON,

    Defendant.
_____/

**ORDER**

    Centurion Systems, LLC, moves (Doc. 11) to remand this action. Under 28 U.S.C. § 1446(b)(1), Centurion asserts that The Bank of New York Mellon untimely removed this action because Centurion served The Bank of New York Mellon's alleged registered agent, CT Corporation System, more than five months ago. Denying appointing CT Corporation as a registered agent, The Bank of New York Mellon argues that the "removal was timely because [The Bank of New York Mellon] has not been properly served." (Doc. 32 at 12) Repeating this argument, The Bank of New York Mellon moves (Doc. 6) to quash service of process and to vacate the default judgment.

    The Bank of New York Mellon successfully opposed remand and successfully vacated the default judgment in several actions featuring an identical (and improper) attempt to serve The Bank of New York Mellon. *See Gossamer Wing, LLC, v. The*

*Bank of New York Mellon,* 2021 WL 857527 (S.D. Fla. 2021) (Cannon, J.); *Bonafide Properties, LLC, v. The Bank of New York Mellon*, 2021 WL 1186332 (N.D. Fla. 2021) (Wetherell, J.); *Eaton, et al. v. The Bank of New York Mellon,* 2021 WL 1345533 (N.D. Fla. 2021) (Rodgers, J.); *Kaye, et al. v The Bank of New York Mellon,* 8:21-cv-00469-WFJ-TGW, Docs. 37–39 (M.D. Fla. 2021) (Jung, J.). For the reasons stated in these actions and for the reasons (Doc. 32) stated by The Bank of New York Mellon, the motion (Doc. 11) to remand this action is **DENIED**. The motion (Doc. 6) to quash service of process and to vacate the default judgment is **GRANTED**. The return of service on The Bank of New York Mellon is **QUASHED**, and the default judgment entered by the state court is **VACATED**. The motion (Doc. 22) to stay is **DENIED**.

Centurion's attempt to remand this action repeats the failed attempt to remand actions featuring parallel (and improper) efforts to serve Deutsche Bank National Trust Company. In *LP Assets, LLC v. Deutsche Bank National Trust Company*, a March 12, 2021 order warns Centurion's attorney "that attempting to remand another action by asserting the same repeatedly unsuccessful and repeatedly unwarranted argument might result in the imposition of a sanction." *LP Assets, LLC v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 940515, (M.D. Fla. 2021) (Merryday, J.). Because Centurion moved to remand this action before The Bank of New York Mellon successfully opposed remand in several actions featuring an identical attempt to serve The Bank of New York Mellon, Centurion's attorney escapes a sanction in

the present action. But Centurion's attorney is again **WARNED** that asserting the now repeatedly unsuccessful argument might result in a sanction.

ORDERED in Tampa, Florida, on April 19, 2021.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE